[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
This court has carefully reviewed the trial evidence and the pretrial and postrial submissions, including the financial documents and proposed orders. The court has also considered all the statutory criteria regarding dissolution of marriage, the awarding of custody and visitation, the awarding of alimony and the dividing of assets and liabilities.
The court issues the following orders:
1. Dissolution — The parties' marriage is dissolved on the ground of irretrievable break down as sought by the husband on his cross-complaint.
2. Custody and Visitation — The parties shall share joint legal custody of the minor children, Joseph and Nicholas. The wife shall have primary physical custody. The father shall have CT Page 8986 reasonable and liberal visitation as mutually agreed to by the parties, except that the father shall have the visitation as follows:
 A) During alternate weekends on Saturday noon to Sunday at 7:00 p.m.
 B) Holidays including special days as listed below, if father is not otherwise scheduled to visit with children:
 Dec. 24 10 a.m. — 1 p.m. Dec. 25 4 p.m. — 8 p.m. Easter 4 p.m. — 8 p.m. Nicolas's birthday 7 p.m. — 8:30 p.m. Joseph's birthday 7 p.m. — 8:30 p.m.
 In the event that a holiday or special day falls on a Saturday during which the father has visitation, the mother shall have visitation for the periods set out above; and if a holiday falls on a Sunday in which the father has visitation, the mother shall have visitations as set out above except that the children shall spend the remainder of the day with the mother. Notwithstanding the above, the children shall spend Mother's Day with the mother and they shall spend Father's Day with the father from 10:00 a.m. to 6:00 p.m.
 (C) Memorial Day, Labor Day, and Thanksgiving will be alternated by the parents. The father's visitation on these days shall be from 10:00 a.m. to 6:00 p.m. The mother shall have these holidays in even numbered years and the father shall have these holidays in odd numbered years.
 (D) The father shall have reasonable visitation during school holidays and summer vacations as mutually agreed by the parties. In the absence of such an agreement, the father shall visit with the children during the first three days of school vacation (Monday from 12:00 noon to Wednesday 6:00 p.m.). The father shall visit with the children for two non consecutive weeks during the summer vacation as he may select prior to June 1 of each year.
 (E) The father will provide transportation for picking up and dropping off the children for visitation. The mother shall have the children ready at the designated time and the father shall not enter the mother's residence. CT Page 8987
 (F) The father shall have telephone access to the children on Wednesday evening between 7:00 p.m. and 8:30 p.m. Mother is to provide the father with the telephone number where children can be reached. Father is to provide mother with a telephone number at which the children can be reached during visitation.
 (G) The parties shall communicate and cooperate to accomplish the visitation. The parties may mutually agree to vary the visitation schedule, but in the absence of a mutual agreement, the court ordered visitation shall control.
No adult other than the parents are to discipline either child.
The children are not to be moved from Connecticut without 90 days written notice by mail being provided to the father. Father shall be advised about any other change in residence two weeks before a change in residence occurs.
Father is to have access to children's health and educational records, and may confer with educators and health care providers concerning the children's progress and health.
The parties shall maintain medical and dental insurance for the minor children as available through their employ at reasonable cost, and if both have such insurance, the plaintiff shall determine which is primary. The parties shall share equally any unreimbursed or uncovered medical, health, dental and such similar expenses.
The court denies the plaintiff's request to condition the defendant's visitation on him receiving counseling on the present record. However, the plaintiff has leave to move for such relief if future circumstances warrant.
3. Child support. The defendant shall pay child support pursuant to the child support guidelines, which the court calculates to be $109 per week with the defendant having a net weekly income of $286 as indicated on his financial statement. The plaintiff is unemployed.
4. Alimony. The court awards the plaintiff $1 a year alimony. The court awards the defendant $1 a year alimony. This alimony as to both parties is modifiable and shall terminate in 15 years, CT Page 8988 upon the death of either party, upon the remarriage of the recipient, or upon the cohabitation of the recipient as defined by statute.
5. Remaining orders. The parties shall pay their own attorney fees. The parties shall retain possession of their personal property as indicated on their respective financial statements to the exclusion of the other, except that the wife shall return any of the husband's personal belongings in her possession to him within thirty days, including but not limited to his clothing, fishing equipment, pictures, painting supplies and furniture. The wife shall give to the husband any pawn tickets in her possession regarding his tools. There was disputed evidence regarding the location of the husband's 69 Firebird automobile. The wife is directed to return this vehicle to the husband if still in her physical possession or control.
Dated this 6th Day of August, 1998
Stevens, J.